# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| In Re: <br><br> MARVIN B SMITH, III; SHARON H. SMITH, <br><br> Debtors. | * * * * * * * | Chapter 7 Case <br> <u>Number 07-20244</u> |
| MARVIN B. SMITH, III; SHARON H. SMITH, <br><br> Debtors/Appellants <br><br> vs. <br><br> BAC HOME LOANS SERVICING LP f/k/a COUNTRYWIDE HOME LOAN SERVICING LP, AS SERVICING AGENT FOR THE BENEFIT OF THE BCAP 2006-AA TRUST <br><br> Creditor/Appellee. | * * * * * * * * * * * * * * * | CV 212-179 |

## <u>ORDER</u>

Presently before the Court is an appeal from the United States Bankruptcy Court's Order dismissing Debtors Marvin and Sharon Smith's Motion to Reconsider with Prejudice and granting Creditor BAC Home Loans Servicing LP f/k/a Countrywide Loan Servicing LP's Motion for Sanctions. <u>See</u> R. 46-59. For the reasons stated below, the Bankruptcy Court Order is **AFFIRMED**.

AO 72A
(Rev. 8/82)

For the same reasons, the Smiths' Motion to Vacate Judgment, Dkt. No. 10, is **DENIED**. Finally, BAC Home Loans' Motion to Dismiss the Appeal and motion for additional sanctions, Dkt. No. 4, is **DENIED**.

## BACKGROUND

The facts underlying the long and arduous history of this litigation are more fully set forth in the Bankruptcy Order. See R. 46-59. In sum, the Smiths have spent approximately four years attacking a Consent Order entered into by their former counsel. Undeterred by repeated defeat, the Smiths have filed numerous documents challenging the Consent Order in the Bankruptcy Court, this Court, the Eleventh Circuit, and even the United States Supreme Court.

Through counsel, the Smiths filed this bankruptcy case on April 2, 2007. Countrywide[1] filed two proofs of claim, describing both claims as secured by real property identified as 311 10th Street, Unit # B, St. Simons Island, Georgia. On November 12, 2008, the Smiths through counsel agreed to a Consent Order modifying the automatic stay regarding this property.

Five months after agreeing to the Consent Order, the Smiths, now proceeding pro se, filed a motion to vacate the

---

[1] Pursuant to the Eleventh Circuit's grant of a Motion for Substitution, BAC Home Loans is presently the creditor at issue.

2

Consent Order. The Smiths' challenged Countrywide's status as the owner of the Smiths' mortgage. The Bankruptcy Court denied the Smiths' Motion to Vacate the Consent Order, emphasizing that the Consent Order constituted a contract between the parties and that, by agreeing to the Consent Order, the Smiths waived any challenge to Countrywide's proof of claims. See R. 107.

The Smiths appealed the Bankruptcy Court's denial of their Motion to Vacate to this Court. On July 20, 2010, this Court affirmed the Bankruptcy Court's Order and denied the Smiths' request to reconsider Countrywide's claims. See R. 202-03. The Smiths then sought review from the Eleventh Circuit, which issued three opinions regarding the Smiths' appeal. R. 248-49, 255-56, 330-331. The Eleventh Circuit determined that the Smiths' appeal was "frivolous and entirely without merit." R. 331.

While still pursuing their appeal before the Eleventh Circuit, the Smiths began pursuing a motion to reconsider in the Bankruptcy Court. It is the Bankruptcy Court's decision on that motion to reconsider that is presently before this Court.

After the Eleventh Circuit denied the Smiths' "Petition for Panel Rehearing," the Smiths submitted an application to Supreme Court Justice Clarence Thomas for an extension of time to file a petition for writ of certiorari. The Smiths continued their filings in the Bankruptcy Court. Eventually the extended time

3

to petition the Supreme Court for certiorari ran without the Smiths ever filing a petition.

After a hearing, the Bankruptcy Court on September 17, 2012 dismissed with prejudice the Smiths' Motion to Reconsider and imposed sanctions requiring pre-filing authorization on future filings by the Smiths naming Countrywide Home Loans Inc., Countrywide Home Servicing LP or BAC Home Loans Servicing LP. R. 46-69. The Bankruptcy Court concluded that (1) grounds for vacating the Consent Order did not exist under Fed. R. Civ. P. 60(d)(3); (2) *res judicata* barred the Smiths from relitigating the same claims; and (3) the Smiths' conduct warranted sanctions. The Bankruptcy Court stated:

> [T]he Smiths have undermined the integrity of the bankruptcy system in at least two ways, first by methodically and deliberately impeding a secured creditor's rightful action against its collateral and second by diverting the finite resources of the Court. The Smiths' unfounded and unrelenting attacks on the Consent Order over a three-year period indicate a calculated plan to harass, hinder, frustrate, and delay any action by Countrywide, now BAC, against the collateral securing its claims.

The Bankruptcy Court identified "the Smiths' filing of the Motion to Reconsider in the bankruptcy court when they knew the same claim was pending in the Eleventh Circuit" as "the most egregious churning in this litigation." R. 67. The Bankruptcy Court warned that "the Smiths g[a]ve no indication th[ier] behavior will change, absent judicial action." R. 67. The

4

Bankruptcy Court did not impose any monetary sanctions, but required that the Smiths receive authorization for any future filings. Specifically, the Bankruptcy Court required that, prior to filing any pleading or motion in the Bankruptcy Court naming Countrywide Home Loans, Countrywide Loan Servicing LP, or BAC Home Loans Servicing LP, the Smiths were directed to submit the pleading to the Clerk of Court, who would then submit the pleading to the Bankruptcy Court for determination of whether the pleading asserted "a meritorious claim or simply reassert[ed]" claims dismissed in the Bankruptcy Court's Order. R. 68. If the Bankruptcy Court found the pleading to be appropriate, it would be docketed. R. 68. However, if the pleading was inappropriate, the pleading would be docketed as stricken, but would not be publicly viewable. R. 68.

The Smiths sought appellate review of the Bankruptcy Court's Order. However, instead of appealing to this Court or the Eleventh Circuit, the Smiths attempted to appeal directly to the Supreme Court by invoking 28 U.S.C. § 1253, which governs determinations "by a district court of three judges." R. 70-71. The Smiths appeal was eventually redirected to the appropriate forum, this Court. R. 432. Approximately a month after attempting to appeal directly to the Supreme Court, the Smiths, with the assistance of new counsel, filed a Petition for Writ of Mandamus in the Supreme Court. See Dkt. No. 4, Ex. A. On

January 14, 2013, the Smiths' Petition for Writ of Mandamus was denied. See In Re Smith, 133 S. Ct. 939 (2013).

BAC Home Loans filed a Motion to Dismiss the present appeal, relying mainly on procedural defects, and urged this Court to impose further sanctions on the Smiths. Dkt. No. 4. Specifically, BAC Home Loans requested that the pre-screening procedure be extended to filings in any court, state or federal, within the United States. Dkt. No. 4. Following BAC Home Loans' motion, the Smiths filed a Motion to Vacate Judgment. Dkt. No. 10. In that motion, the Smiths largely regurgitated the same arguments they have urged throughout the history of this litigation.

## LEGAL STANDARD

"In reviewing bankruptcy court judgments, a district court functions as an appellate court." In Re JLJ, Inc., 988 F.2d 1112, 1113 (11th Cir. 1993). This Court "reviews the bankruptcy court's legal conclusions *de novo*, but must accept the bankruptcy court's factual findings unless they are clearly erroneous." Id. Mixed questions of law and fact are reviewed *de novo*. In Re Cox, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007).

## DISCUSSION

BAC Home Loans seeks dismissal of this appeal due to several procedural defects. Specifically, BAC Home Loans requests that this Court dismiss the appeal because the Smiths

6

failed to pay the required filing fee and because the Smiths drafted the questions presented on appeal as if they would be heard by the Supreme Court. Because the Smiths are pro se litigants, the Court will not dismiss the appeal based on these procedural technicalities when it is not clear from the record whether the Smiths received warning from the Court that their appeal was subject to dismissal based on these defects. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991). The Court will determine the appeal based on the merits (or lack thereof) of the Smiths' arguments.

Turning now to the merits of the Smiths' appeal, this Court finds that modifying or vacating the Consent Order is inappropriate for the reasons set forth in the Bankruptcy Court Order. Federal Rule of Civil Procedure 60 does not provide any grounds for vacating the Consent Order. Furthermore, the Smiths' arguments regarding the Consent Order have already been litigated and determined and are thus barred by the doctrine of *res judicata*.

With regards to sanctions, this Court concludes that further sanctions are not appropriate at this time. It is not clear whether BAC Home Loans complied with the twenty-one day safe harbor provision mandated by Federal Rule of Civil Procedure 11 in its request for additional sanctions.

7

AO 72A
(Rev. 8/82)

Furthermore, a motion for sanctions "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2); see Carofino c. Forester, 450 F. Supp. 2d 257, 274 (S.D.N.Y. 2006); Mitchell v. Osecola Farms Co., 408 F. Supp. 2d 1275, 1280 (S.D. Fla. 2005). Here, BAC Home Loans' Motion for Sanctions was combined with a Motion to Dismiss. See Dkt. No. 4.

The Smiths, however, are specifically warned that failure to comply with the Bankruptcy Court's mandated screening procedure could constitute contempt of court. Additionally, the Smiths are also warned that further filing of motions or pleadings restating arguments that have on numerous occasions been found meritless by the Bankruptcy Court, this Court, and the Eleventh Circuit, could result in the imposition of further sanctions, financial or otherwise. The Smiths are specifically admonished that repeated and vexatious filings urging frivolous arguments will not be tolerated by this Court.

## CONCLUSION

For the reasons stated above, the Order of the Bankruptcy Court is **AFFIRMED**. The Smiths' Motion to Vacate Judgment, Dkt. No. 10, is **DENIED**. BAC Home Loans' Motion to Dismiss the Appeal and Motion for Sanctions, Dkt. No. 4, is also **DENIED**. However, the Smiths are warned that continuation of their abusive litigation tactics may result in the imposition of further sanctions.

**SO ORDERED**, this 25th day of July, 2013.

/s/ Lisa Godbey Wood

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA